**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDEEP SINGH, | No. 22-820 |
| Petitioner, | Agency No. A205-320-418 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
San Francisco, California

Before: S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.
Partial Dissent by Judge BRESS.

Petitioner Amandeep Singh, a native and citizen of India, petitions for

review of a decision by the Board of Immigration Appeals ("the Board") affirming

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Immigration Judge's denial of asylum, withholding, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We review denials of asylum, withholding, and CAT protection for substantial evidence, and questions of law de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We grant Singh's petition as to his asylum and withholding claims, and deny as to his CAT protection claims.

Because the parties are familiar with the facts and the procedural history, we do not recount them here.

I

We grant the petition as to Singh's asylum claim and remand this case to the Board for reconsideration of its internal relocation analysis. No party disputes that Singh enjoys a nationwide presumption of a well-founded fear of persecution as he credibly testified he experienced past persecution. *See Narinder Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019) (holding that "[w]here the applicant has established a well-founded fear of future persecution at the hands of the government, a rebuttable presumption arises that the threat exists nationwide" (quoting *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003))); 8 C.F.R. § 1208.13(b)(3)(ii). In *Narinder Singh*, as in this case, this court examined whether a member of the Mann Party detained and beaten by the police could

relocate "outside Punjab" to avoid future persecution. *Id.* at 660–61. There, we reversed because the Board's analysis of future threats from just the Punjab police and central Indian police was not sufficiently "individualized." *Id.* at 661. Because, as here, the petitioner enjoyed a nationwide presumption of a well-founded fear of persecution, the Board needed to discuss the relationship between his "future political activities" and the "local authorities, or other actors" where he relocated. *Id.* However, in the present case, the Board only analyzed whether Singh would be followed by Punjab police or central Indian authorities outside Punjab, not whether Singh would be persecuted by other local authorities. And Singh intends to carry on his membership in the Mann Party. We remand Singh's asylum claims to the Board for a sufficiently "individualized" relocation analysis. Because the Board's withholding analyses relies on its asylum ruling, we similarly remand Singh's withholding claims. *Id.* at 661 n.2. We do not prejudge the outcome of the Board's analysis on remand.

## II

We deny Singh's petition as to his application for protection under the CAT. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is 'more severe than persecution.'" (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018))). Unlike the asylum analysis, we do not afford Singh any similar nationwide

3

presumptions—he bears the overall burden of proof on his CAT claim. *Maldonado v. Lynch*, 786 F.3d 1155, 1163 (9th Cir. 2015) (en banc) (citing 8 C.F.R. § 1208.16(c)(2)). And in our CAT analysis, whether Singh can relocate is just one of many factors the Board considers. *Maldonado*, 786 F.3d at 1164 ("[N]o one factor [in the CAT analysis] is determinative.").

As such, we find the Board's assessment—based on evidence in the record, including affidavits from his mother and the Mann Party, and country condition reports—that Singh is unlikely to be tortured upon his return supported by substantial evidence. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).

Each party shall bear its own costs on appeal.

**PETITION GRANTED IN PART, DENIED IN PART, REMANDED**.



*Singh v. Garland*, 22-820

BRESS, Circuit Judge, dissenting in part.

I agree with the denial of relief as to petitioner's CAT claim, but I would also deny the petition as to the asylum and withholding of removal claims.

Under *Singh v. Whitaker*, 914 F.3d 654 (9th Cir. 2019), the BIA is required to "conduct a reasoned analysis with respect to a petitioner's individualized situation to determine whether, in light of the persons or entities that caused the past persecution, there are one or more general or specific areas within the petitioner's country of origin where he has no well-founded fear of persecution and where it is reasonable to relocate, considering the factors in 8 C.F.R. § 1208.13(b)(3)." *Id.* at 661.

In my respectful view, the BIA, which cited our *Singh* decision, sufficiently performed the required analysis. The BIA found that "the Immigration Judge's decision reflects an individualized assessment of the [petitioner's] ability to safely relocate as a member of the Mann Party." The BIA explained that the petitioner only experienced harm in Punjab, and that central Indian authorities were only interested in "hard-core militants," which petitioner is not. The IJ similarly found that "numerous other areas of India are safe for religious minorities." These findings are sufficient to show that the government met its burden to demonstrate that petitioner could safely relocate outside of Punjab. The record does not suggest that

1

petitioner, a low-profile Mann Party member, will face persecution outside of Punjab. Instead, all indications are that petitioner would be unlikely to face persecution outside of that one area of India.

The majority reasons that the BIA erred in not considering whether petitioner would be persecuted by local authorities in the proposed area of relocation. But in *Singh*, the problem was that the BIA only considered whether the persecutors in the petitioner's home region (Punjab) would pursue him to another area, failing to consider whether the petitioner would face persecution by other actors in the proposed area of relocation. *See* 914 F.3d at 661. Here, the BIA did consider whether petitioner would face harm from others beyond his original persecutors. It thus did not repeat the error in *Singh*.

In *Singh*, we also stated that the BIA's analysis "did not account for the persecution [petitioner] may face outside Punjab from local authorities, or other actors, based on his future political activities." *Id.* But I do not read *Singh* to mean that the BIA must always expressly mention and discount the potential harm from "local authorities." Such a universal requirement would be inconsistent with *Singh*'s general instruction to perform an "individualized analysis" of the petitioner's ability to relocate. *Id.* at 659. In *Singh*, the petitioner intended "to continue proselytizing for his party wherever he went," so it made more sense that the BIA should consider

2

harm by local authorities. *Id.* at 661. The record here does not contain analogous indications of such future conduct.

Thus, I believe the BIA's analysis was sufficient on this record and would deny the petition in full.